UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TARIKU AYNO**,<br><br>          Plaintiff,<br><br>     v.<br><br>**ANTONY J. BLINKEN**, *et al.*,<br><br>          Defendants. | Civil Action No. 21-cv-0729 (TSC) |

### MEMORANDUM OPINION

Plaintiff Tariku Ayno petitions this court for a writ of mandamus seeking to compel Defendants to adjudicate a pending visa application for his wife, Lydia Tefera Abdisa, who lives in Ethiopia. *See* Am. Pet. for Writ of Mandamus & Compl. for Inj. Relief ("Am. Compl.") ¶¶ 1, 13, ECF No. 1. Ayno filed the visa application in October of 2019. *Id.* ¶ 13. Since then, it has remained in processing at the National Visa Center, the next step after United States Citizenship and Immigration Services approves an immigrant visa petition. Defs.' Mot. to Dismiss ("MTD") at 2, ECF No. 10. An applicant must submit certain paperwork and fees while their case is being processed at the NVC. *Id.* (citing United States Department of State ("State Department"), *NVC Processing*, Travel.State.Gov, https://travel.state.gov/content/travel/en/us-visas/immigrate/the-immigrant-visa-process/step-1-submit-a-petition/step-2-begin-nvc-processing.html). The State Department only schedules an in-country visa interview after it has finished processing the applicant at the NVC. *Id.* Ayno claims that Defendants "unlawfully withheld or unreasonably delayed" agency action on his wife's visa, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 706(1). Am. Compl. ¶¶ 13-28. He thus seeks a writ of mandamus ordering Defendants to process his visa application at NVC within 15 days. *Id.* ¶¶ 29-34.

Defendants—three officials from the State Department, the United States Attorney General, the Secretary of Homeland Security, the Director of United States Citizenship and Immigration Services, and the FBI Director—have all moved to dismiss, ECF No. 10. Ayno responded by moving for summary judgment. ECF No. 13. For the reasons set forth below, the court will **GRANT** Defendants' motion to dismiss, and **DENY** Ayno's motion for summary judgment as moot. The action will be **DISMISSED** without prejudice.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to seek a case's dismissal because a plaintiff has failed to establish the court's jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). That includes establishing the "irreducible constitutional minimum" of standing; that the plaintiff has alleged (1) an injury in fact that is concrete and particularized as well as actual or imminent, (2) a causal connection between the injury and the challenged conduct, and (3) a likelihood that the injury will be redressed by a favorable decision. *Id.* The court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint should state a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts to state a claim that is plausible on its face by alleging facts that, if assumed to be true, would allow the court to draw "reasonable inference[s] that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663,

677-78 (2009). The court presumes the truth of a plaintiff's factual allegations, *see Iqbal*, 556 U.S. at 679, and construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal citation and quotation marks omitted).

## II. ANALYSIS

Defendants argue that Ayno lacks the standing to sue certain Defendants, and that he has failed to state an unreasonable delay claim based on the six factors laid out in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984) ("*TRAC*").

Ayno responds with substantive arguments, but also argues that Defendants' failure to comply with this District's Local Civil Rule 7(n)(1), which requires government defendants to file a certified list of the contents of the administrative record "simultaneously with the filing of a dispositive motion," merits an automatic denial of Defendants' motion. Pl.'s Opp. to Mot. to Dismiss ("Pl.'s Opp.") at 7, ECF No. 12. But that rule applies to agency *action*. Here, Ayno challenges agency *inaction*, and the strictures of LCvR 7(n)(1) do not apply. *See Dastagir v. Blinken*, 557 F. Supp. 3d 160, 164 n.5 (D.D.C. 2021) (finding that LCvR 7(n)(1) does not apply in unreasonable delay case).

### A. Named Officials

Defendants argue that Ayno lacks the standing to sue the Attorney General and the DHS, USCIS, and FBI officials. Ayno, citing no caselaw, responds that DHS and USCIS "possibly contributed to the delay in this case," and that the FBI and Attorney General are "rightfully included . . . due to the challenges to policy and practice raised in" the Amended Complaint. Pl.'s Opp. 7-8.

But, as Ayno admits, USCIS and its parent component DHS have adjudicated his wife's application. Am. Compl. ¶ 1. They no longer have a role to play; because Ayno's injuries can neither be traced from DHS or USCIS officials nor redressed by them, Ayno lacks the standing to sue them. *See Defs. of Wildlife*, 504 U.S. at 561. While Ayno "suspects" that a delayed FBI security screening may be responsible for the delay, that is an insufficient basis for standing. *See Twombly*, 550 U.S. at 555 ("[T]he pleading must contain something more than . . . a suspicion of a legally cognizable right of action") (cleaned up). And as to the Attorney General, Ayno's claim that he is responsible for "ensuring compliance with all applicable federal laws," Am. Compl. ¶ 7, does not mean that he is responsible for adjudicating Ayno's visa application, or that he could take any action to expedite its processing. The court will therefore dismiss these four Defendants from this action.

## B. *TRAC* Factors

"There is no *per se* rule as to how long is too long to wait for agency action." *In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413, 419 (D.C. Cir. 2004) (internal quotation marks omitted). The court thus determines whether a plaintiff has waited too long by assessing the six *TRAC* factors:

> (1) The time agencies take to make decisions must be governed by a rule of reason;
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

>(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
>(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is "unreasonably delayed."

*TRAC*, 750 F.2d 70, 80 (D.C. Cir. 1984).

Courts typically evaluate factors one and two together. *See Dastagir v. Blinken*, 557 F. Supp. 3d 160, 165 (D.D.C. 2021). Factor one is the "most important" and "carries the most weight." *Eljalabi v. Blinken*, No. 21-cv-1730, 2022 WL 2752613 at *5 (D.D.C. July 14, 2022) (quoting *In re Core Comm'ns, Inc.* 531 F.3d 849, 855 (D.C. Cir. 2008)). Congress has not imposed a deadline for visa adjudication, but instead provides agencies with "wide discretion in the area of immigration processing." *Skalka v. Kelly*, 246 F. Supp. 3d 147, 153–54 (D.D.C. 2017) (citations omitted). Thus courts consider factors one and two using "case law as a guide." *Sarlak v. Pompeo*, No. 20-cv-0035, 2020 WL 3082018 at *6 (D.D.C. June 20, 2020) (internal citation omitted).

Ayno does not specify how long his application has been delayed, only that he filed the initial petition in October 2019. Am. Compl. ¶ 13. That alone could be enough to merit dismissal, as he has failed to plead the information necessary to evaluate his claim. *See Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555) (a complaint must plead "sufficient factual matter . . . to state a claim to relief"). But the court is mindful of its obligation to draw reasonable inferences in favor of the plaintiff at this stage. Given that October 2019 is the longest possible interval between agency action and the issuance of this opinion the court will consider Ayno's claimed delay to be 35 months, or approximately 3 years. *See Mahmood v. U.S. Dep't of Homeland Sec'y*, 21-cv-1262, 2021 WL 5998385 at *6-7 (D.D.C. Sept. 15, 2021) (considering delay length as time between last government action and court's opinion).

But even that expansive inference does not tilt factors one and two in Ayno's favor. Numerous cases have found delays of considerably longer length to not be unreasonable. *See, e.g.*, *Skalka*, 246 F. Supp. 3d at 153-54 (collecting cases finding delays of four, five, and ten years to not be unreasonable); *Penn v. Blinken*, No. 21-cv-1055, 2022 WL 910525 at *6 (D.D.C. 2022) (collecting cases finding that two-to-five-year delays, even before the pandemic-induced "global slowdown of visa processing" to not be unreasonable). Factors one and two therefore weigh in favor of Defendants.

Factor four considers the effect of expediting Ayno's visa application on Defendants' competing priorities. Defendants contend that "'delays stemming from resource-allocation decisions simply do not lend themselves to judicial reordering of agency priorities.'" MTD at 7 (quoting *Mohammad v. Blinken*, 20-cv-3696, 2021 WL 2866058 at *4 (D.D.C. July 8, 2021). They are correct; "a judicial order putting [Ayno] at the head of the queue simply moves all others back one space and produces no net gain." *In re Barr Laboratories*, 930 F.2d 72, 75 (D.C. Cir. 1991). "While the effect of an individual case would be minimal, the accumulation of such individual cases being pushed by judicial fiat to the front of the line would erode the ability of agencies to determine their priorities." *Tate v. Pompeo*, 513 F. Supp. 3d 132, 150 (D.D.C. 2021).

Factors three and five—the impact on human health and welfare and economic harm, and the nature and extent of the interests prejudiced by the delay—also are typically analyzed together. *See Liberty Fund v. Chao*, 394 F. Supp. 2d 105, 118 (D.D.C. 2005) (citing *TRAC*, 750 F.2d at 80). In his Amended Complaint, Ayno alleges that the "ongoing delay and separation of the family is having a detrimental effect on the health of the child," who lives in Ethiopia with Abdisa. Am. Compl. ¶ 1. Ayno adduces further factual information in his opposition to Defendants' motion to dismiss, but the court cannot consider that information, as it is not

properly pleaded. *See, e.g.*, *Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 160 n.7 (D.D.C. 2014) (the court cannot consider new allegations raised for the first time in a plaintiff's opposition to a motion to dismiss).

Defendants, however, do not meaningfully address Ayno's claims, instead providing the same rote recitation about COVID-19 pandemic-related resource allocation that is standard in this District's many *TRAC* factor cases. They claim that scheduling a visa interview for Ayno's wife would direct resources away from the adjudications that the State Department has identified as more urgent, requiring this Court to overrule the State Department's prioritization decisions and place Plaintiff at the front of the line." MTD at 13-14 (citing *In re Barr Labs.*, 930 F.2d 72, 75-76 (D.C. Cir. 1991). That argument may be responsive to a claim that Defendants have failed to schedule a visa interview for an applicant whose application has been approved at NVC, but Ayno's complaint is that he remains stuck in administrative processing; he has not yet even reached the interview-scheduling stage. Am. Compl. ¶¶ 1, 12, 16, 27. Factors three and five therefore weigh in his favor.

Factor six concerns bad faith and impropriety, neither of which Ayno has alleged. He argues instead that Defendants owe him an explanation as to the status of his visa application. But absent any allegation of bad faith or impropriety, factor six comes out as neutral for both parties. *See Dastagir*, 557 F. Supp. 3d at 168 (finding sixth *TRAC* factor to be neutral where no bad faith was alleged); *Sarlak* 2020 WL 3082018 at *6 (same).

In sum, Ayno has not made the requisite showing under the *TRAC* factors to state an unreasonable delay claim. And because he has not done so, his mandamus claim also necessarily fails. *See, e.g.*, *Skalka*, 246 F. Supp. 3d at 152 ("The standard by which a court reviews ... agency inaction is the same under . . . the APA and the Mandamus Act."); *see also Fornarno v.*

*James*, 416 F.3d 63, 69 (D.C. Cir. 2005) (mandamus relief requires, *inter alia*, that "the defendant has a clear duty to act.").

### III.   CONCLUSION

For the foregoing reasons, the court will **GRANT** Defendants' motion to dismiss, and **DENY** Plaintiff's motion for summary judgment as moot. The action will be dismissed without prejudice.

Date: September 30, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge